**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**DOUGLAS B. PICKETT, SR., and
VICKI L. PICKETT, his wife**

        Plaintiffs,

v.                                                **CASE NO. 3:04-cv-754-J-16MMH**

**MARRIOTT HOTEL SERVICES, INC.,
A foreign corporation**

        Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment (Dkt. 31), to which Defendant attached exhibits and the deposition of Plaintiff Douglas B. Pickett, Sr. ("Brad Pickett") (Dkt. 32).[1] Plaintiffs filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment (Dkt. 33) and attached an affidavit in support (Dkt. 34).

**I.    Procedural Posture**

Plaintiffs filed their Complaint (Dkt. 2) on August 6, 2004 in the Fourth Judicial Circuit, Circuit Court, in and for Duval County, Florida. On September 2, 2004 Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**II.    Background**

On July 27, 2005, Plaintiffs filed their two-count Amended Complaint (Dkt. 41). In the Amended Complaint, Plaintiffs allege that Plaintiff Brad Pickett was a paying guest at Defendant's J.W. Marriott located at 5150 Westheimer Road in Houston, Texas (Dkt. 41 ¶ 4). Plaintiffs contend that on or about June

---

[1] Defendant, Marriott Hotel Services, Inc., was previously and improperly named as Marriott International, Inc.

26, 2003, Plaintiff Brad Pickett, staying in Room 1623, decided to take a shower. During the shower, Plaintiff Brad Pickett alleges he lifted his right leg to begin washing the bottom of his right foot and that he held the safety grab bar with his right hand. Plaintiff Brad Pickett further alleges that the safety grab bar gave way and caused him to slip, fall and suffer injury. Id. at ¶ 8. See (Dkt. 32 at 100-02, Deposition of Brad Pickett).

Plaintiffs' Amended Complaint (Dkt. 41) specifically alleges that Defendant negligently maintained the safety grab bar by permitting one or more screws used to fasten the bar to a mounting piece attached to the shower wall to become loose, allowing the bar to detach from the mounting piece and causing Plaintiff Brad Pickett to fall. Plaintiffs also allege this negligent condition was known to Defendant or existed for a sufficient length of time that Defendant should have known through the exercise of reasonable care. Consequently, Plaintiffs allege that Defendant breached its duty of reasonable care in one or more of the following ways: (1) in failing to maintain its premises in a reasonably safe condition by allowing one or more of the mounting screws to loosen, thereby creating a dangerous condition; (2) by failing to provide a grab bar that was reasonably safe for its intended purpose and/or; (3) by failing to properly inspect the grab bar to identify the unreasonably dangerous condition created by the loose mounting screws (Count I). Plaintiffs allege that as a result of Defendant's negligence, Plaintiff Brad Pickett suffered permanent bodily injury within a reasonable degree of medical probability resulting in pain and suffering, disability, disfigurement, aggravation of pre-existing injuries, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money as well as future damages. Plaintiffs also allege that as a result of the injuries from the incident, Plaintiff Vicki L. Pickett has been and continues to be deprived of care, consortium, companionship and the services of her husband Plaintiff Brad Pickett (Count II). Plaintiffs therefore seek judgment against Defendant for damages and costs of the suit.

However, Defendant now moves for Summary Judgment (Dkt. 31) arguing Plaintiffs have not produced any evidence supporting that Defendant was negligent in the maintenance of its premises. Defendant contends there is no evidence that it failed to maintain its premises in a reasonably safe condition, or that it had actual or constructive notice of any defective condition of the safety grab bar prior to Plaintiff Brad Pickett's incident (Dkt. 31 at 5). Defendant also argues since there is no evidence of any defect or deterioration prior to Plaintiff Brad Pickett's alleged fall and because the Plaintiffs have failed to present any evidence that the safety grab bar created an unreasonable risk of harm, summary judgment is appropriate.

**III.    Standard of Review**

The Court should grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987); Edwards v. Acadia Realty Trust, Inc., 141 F. Supp. 2d 1340, 1344-45 (M.D. Fla. 2001). The Court will construe the record and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Samples on Behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Once this burden is met, however, the opposing party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 342. The Eleventh Circuit explained in Samples that the opposing party need only present evidence from which a jury might return a verdict in its favor in order to survive the

moving party's motion for summary judgment. See Samples, 846 F.2d at 1330; see also Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

Notably, the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted." Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). If there is conflicting evidence that will permit differing reasonable inferences, the case will be submitted to the jury. See Augusta Iron & Steel, 835 F.2d at 856.

**IV.   Discussion**

As to the claim Defendant negligently maintained the safety grab bar and breached its duty of reasonable care (Count I), Defendant argues Plaintiffs have failed to put forth a prima facie case. Indeed, Defendant contends to establish negligence in a premises liability case pursuant to Texas law, a plaintiff must demonstrate: (1) that a defendant had actual or constructive knowledge of some condition; (2) that the condition posed an unreasonable risk of harm; (3) defendant did not exercise reasonable care to reduce or eliminate the risk; and (4) the failure to use such care proximately caused the plaintiff's injury. Corbin v. Safeway Stores, Inc., 648 S.W. 2d 292, 296 (Tex. 1983). See Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W. 2d 934, 936 (Tex. 1998). Defendant asserts that in a "slip-and-fall" claim, a threshold requirement for a plaintiff to establish is whether an owner or operator of the premises had actual or constructive knowledge of the premises defect. Richardson v. Wal-Mart Stores, Inc., 963 S.W. 2d 162, 165 (Tex. App.-Texarkana 1998). Additionally, that unless a plaintiff provides evidence as to the

length of time the condition has been present, "there can be no inference that any increased level of inspecting or cleaning. . .would have discovered and remedied the condition." Id. at 166. See Seideneck v. Cal Bayreuther Associates, 451 S.W. 2d 752, 754 (Tex. 1970)(defining a condition presenting an unreasonable risk of harm).

In this case, Defendant contends there is no evidence it had actual or constructive notice that the safety grab bar in Room 1623 presented an unreasonable risk of harm to hotel guests. Defendant asserts it was inspected by Gloria Parker and the Make Ready Team of the Engineering Department on May 21, 2003 and that it was "securely affixed to the wall at that time." (Dkt. 31 at 8). See (Dkt. 31, Exhibit A, Affidavit of Gloria Parker).[2] Defendant also argues Room 1623 was cleaned after each guest checked out and no problem concerning the safety grab bar had been reported to the Engineering Department during the one year and half prior to Plaintiff Brad Pickett's incident (Dkt. 31, Exhibit B, Affidavit of Stan Hannibal). Moreover, that during Plaintiff Brad Pickett's deposition, he was asked when he went to grab the bar, did it appear lose to which he stated "[i]t didn't feel like it." (Dkt. 32 at 116, Deposition of Brad Pickett). Defendant asserts there is no evidence that the safety grab bar becoming loose caused Plaintiff Brad Pickett to fall and that it is as likely he slipped while standing on one foot and in the process pulled the safety grab bar off the wall (Dkt. 31 at 8-9). Consequently, Defendant argues Plaintiffs' failure to put forward a prima facie case, including any evidence of actual or constructive notice, establishes Defendant is entitled to judgment as a matter of law.

Plaintiffs respond that under Texas law, "[a]n occupier is considered to have constructive knowledge of any dangerous condition that a reasonably careful inspection would reveal." Sanmina-SCI

---

[2] The Make Ready Team performs routine inspections of all guest rooms at the hotel (Dkt. 31, Exhibit A).

Corp. v. Ogburn, 153 S.W. 3d 639, 642 (Tex.App.-Dallas 2004). Plaintiffs therefore assert Defendant's Motion for Summary Judgment (Dkt. 31) should be denied because there is evidence creating a genuine issue of material fact as to Defendant's actual or constructive knowledge and whether it made necessary repairs.

Specifically, as to the Defendant having actual knowledge, Plaintiffs reference the affidavit of Peter Poczynok, a professional engineer, who stated one or more of the screws was likely loose prior to the alleged incident and that a loose screw, or screws, is detectable upon visual or manual inspection (Dkt. 34 ¶ 6,10-11). Plaintiffs assert the affidavit of Gloria Parker (Dkt. 31, Exhibit A) provides that guest rooms are checked by housekeeping staff each time guests leave the rooms. Plaintiffs contend based upon this evidence, a jury could conclude housekeeping observed the loose screw or screws and failed to either tighten them, or report them to maintenance.

Additionally, for evidence of Defendant's constructive knowledge, Plaintiffs argue Mr. Poczynok's affidavit states while properly tightened screws "provide a smooth decorative surface," loose screws will protrude and are visible and detectable to the touch (Dkt. 34 ¶ 6,10-11). Consequently, Plaintiffs contend that the dangerous condition was apparent upon reasonably careful inspection and that Defendant therefore had constructive knowledge of this condition and failed to make the necessary repairs. Based on the above, Plaintiffs assert that Defendant's Motion for Summary Judgment (Dkt. 31) should be denied.

After carefully reviewing the record, the Court agrees with the Plaintiffs. The Court finds a genuine issue of material fact exists as to whether Defendant had actual or constructive knowledge of one or more of the allegedly loose screws, making summary judgment inappropriate. Indeed, Ms. Parker's affidavit provides that Guest Room Preventative Maintenance Checklist inspections are

performed on each guest room every three months and that on May 21, 2003, she "looked at the shower bar which is the subject matter of this lawsuit and it was securely attached to the wall." (Dkt. 31, Exhibit A ¶ 4) Ms. Parker's affidavit further provides that during each inspection, safety grab bars are specifically examined to ensure they are not loose and are not in need of repair. Id. at ¶ 5. Moreover, that housekeeping checks the rooms after each guest leaves to discern if any maintenance is required. Id. The Court notes that Mr. Hannibal's affidavit states no maintenance requests or repairs were made on the safety grab bar from 2002 through June 25, 2003 (Dkt. 31, Exhibit B ¶ 4). However, Plaintiffs argue the state of the bar examined by Ms. Parker on May 21, 2003 does not establish what its condition was on June 26, 2003. Plaintiffs further argue that according to Mr. Poczynok's affidavit, one or more screws was likely loose prior to the incident and, importantly, that a loose screw is easily "recognizable to the touch" or through a visible inspection (Dkt. 34 ¶ 10-11).

In light of the foregoing, the Court finds a genuine issue of fact exists as to whether Defendant had actual or constructive knowledge of the allegedly loose screw or screws. The existence of this fact renders summary judgment inappropriate.

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Summary Judgment (Dkt. 31) is **DENIED**.

BY ORDER OF THE COURT, at Jacksonville, Florida, this _2___ day of August, 2005.

Copies to:

Counsel of Record

_____
JOHN H. MOORE II
United States District Judge